IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLINE CLIETTE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: _____ ) |
| REM-KIKS GROUP, LLC, REM-KIKS ADULT DAY CARE SERVICES, INC., and REM-KIKS HEALTHCARE SERVICES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

PLAINTIFF CAROLINE CLIETTE ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Complaint against DEFENDANTS REM-KIKS GROUP, LLC, REM-KIKS ADULT DAY CARE SERVICES, INC., REM-KIKS HEALTHCARE SERVICES, INC., (collectively "Defendants") and for this cause of action states the following:

*Nature of the Claim*

1. Plaintiff brings this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendants' violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, which have deprived Plaintiff and others similarly situated of their lawful wages.

2. This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff is a resident of Georgia and was employed by Defendants from September 2009 to September 2010 at Defendants' facility located in Stone Mountain, Georgia.

6. Plaintiff is informed and believes, and based thereon alleges that REM-KIKS GROUP, LLC is organized under the laws of the State of Georgia and its principal office is located in Decatur, Georgia.

7. Plaintiff is informed and believes, and based thereon alleges that REM-KIKS ADULT DAY CARE SERVICES, INC. is organized under the laws of the State of Georgia and its principal office is located in Decatur, Georgia.

8. Plaintiff is informed and believes, and based thereon alleges that REM-KIKS HEALTHCARE SERVICES, INC. is organized under the laws of the State of Georgia and its principal office is located in Decatur, Georgia.

9. At all times relevant to this action, Defendants operated a healthcare facility within this judicial district, directly and through various divisions, subsidiaries, and affiliates, however constituted.

## Factual Allegations

10. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and were not exempt from the overtime provisions of the FLSA.

11. At all times relevant to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the

meaning of the FLSA, because they had employees engaged in commerce and because their annual gross sales volume exceeds $500,000.

12. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof.

13. Defendants employed Plaintiff as a certified nursing assistant at Defendants' facility in Stone Mountain, Georgia.

14. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendants and was subject to the overtime provisions of the FLSA.  Other certified nursing assistants, nurses, ultrasound technicians, staffing supervisors and staffing coordinators employed by Defendants performed similar non-exempt duties and were compensated in a manner similar to Plaintiff.

15. At all times relevant to this action, Defendants classified certified nursing assistants, staffing coordinators, staffing supervisors, nurses, and ultrasound technicians, including Plaintiff, as non-exempt for FLSA purposes.

16. During her employment, Plaintiff regularly worked hours in excess of 40 hours per week for which Defendants failed to compensate her.  Plaintiff's supervisor was aware of the hours Plaintiff worked for which she was not

compensated. Indeed, certain of Plaintiff's supervisors informed her that she was to not record any hours that she worked that were in excess of 40 hours per week.

17. Plaintiff was deprived of compensation to which she was entitled through Defendants' custom and/or practice of failing to credit certified nursing assistants, nurses, ultrasound technicians, staffing supervisors and staffing coordinators for all hours worked – specifically, Defendants' custom and/or practice of routinely requiring certified nursing assistants, nurses, ultrasound technicians, staffing supervisors, and staffing coordinators to perform compensable work "off-the-clock."

18. As a result of this custom and/or practice, Defendants failed to credit and pay Plaintiff properly for all overtime hours they worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

19. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff and other current and former certified nursing assistants, nurses, ultrasound technicians, staffing supervisors, and staffing coordinators in accordance with the FLSA.

20. Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

*Collective Action Allegations*

21. Numerous current and former employees of Defendants exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit. Those similarly situated current and former employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

22. Those current and former employees similarly situated to Plaintiff include all individuals employed by Defendants as certified nursing assistants, nurses, ultrasound technicians, staffing supervisors, and staffing coordinators at Defendants' healthcare facility in Stone Mountain, Georgia who performed work off-the-clock and were not credited and paid properly for all overtime hours worked during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

23. Plaintiff consents to participate in this collective action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

24.   Plaintiff re-alleges paragraphs 1 through 23 above and incorporates them here by reference.

25.   By engaging in the conduct described above, Defendants failed to pay Plaintiff and all similarly situated individuals at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

26.   Specifically, Defendants failed to compensate Plaintiff and similarly situated current and former employees for all overtime hours worked through their custom and/or practice of requiring certified nursing assistants, nurses, ultrasound technicians, staffing supervisors, and staffing coordinators to perform work off-the-clock without proper compensation, in violation of the FLSA.

27.   Defendants' actions in failing to compensate Plaintiff and persons similarly situated in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and similarly situated individuals.

28.   As a result of Defendants' violation of the FLSA, Plaintiff and all similarly situated individuals are entitled to recover their unpaid overtime

compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff and all similarly situated individuals:

i. damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. prejudgment interest;

iv. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: August 9, 2012

        By: s/ Andrew L. Weiner
            Andrew L. Weiner
            Georgia Bar No. 808278
            aw@andrewweinerlaw.com
            Stacy L. Rushing
            Georgia Bar No. 557370
            rushing@atlantaemployeelawyer.com
            THE WEINER LAW FIRM LLC
            3525 Piedmont Road
            7 Piedmont Center
            3rd Floor
            Atlanta, GA 30305
            (404) 254-0842 (Tel. & Fax)

            COUNSEL FOR PLAINTIFF